# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 1: 24-cr-69 |
| | : | |
| v. | : | (Judge Conner ) |
| | : | |
| MARK SHANE HERRICK | : | |
| Defendant | : | |

## INDICTMENT

**FILED**
HARRISBURG, PA

THE GRAND JURY CHARGES:

MAR 20 2024

PER _____
DEPUTY CLERK

<u>Count 1</u>
18 U.S.C. § 1951
(Interference with Commerce by Robbery)

1. That at times material to this Indictment, 7-Eleven located at 4811 Derry Street, Harrisburg, Pennsylvania, was engaged in the sale of goods in interstate commerce and in an industry which affects interstate commerce.

2. On or about October 24, 2023, in Harrisburg, within the Middle District of Pennsylvania, the defendant,

**MARK SHANE HERRICK,**

did unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, through the commission of a robbery, as that term is defined in Title 18, United

States Code, Section 1951, in that the defendant MARK SHANE HERRICK did unlawfully take and obtain cash from 7-Eleven, located at 4811 Derry Street, Harrisburg, Pennsylvania, in the presence of an employee of 7-Eleven and against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future to the employee of 7-Eleven by pointing a knife at, and demanding money from, him.

In violation of Title 18, United States Code, Section 1951.

THE GRAND JURY FURTHER CHARGES:

<u>Count 2</u>
18 U.S.C. § 1951
(Attempted Interference with Commerce by Robbery)

3. That at times material to this Indictment, McDonalds located at 1145 North Church Street, Hazle Township, Pennsylvania 18202, was engaged in the sale of goods in interstate commerce and in an industry which affects interstate commerce.

4. On or about October 28, 2023, in Hazle Township, within the Middle District of Pennsylvania, the defendant,

**MARK SHANE HERRICK,**

2

did unlawfully attempt to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, through the commission of a robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant MARK SHANE HERRICK did unlawfully attempt to take and obtain United States currency from McDonalds, located at1145 North Church Street, Hazle Township, Pennsylvania 18202, in the presence of an employee of McDonalds and against her will, by means of actual and threatened force, violence, and fear of injury, immediate and future to the employee of McDonalds by brandishing a knife, demanding money, and using the knife in an attempt to open a window.

In violation of Title 18, United States Code, Section 1951.

THE GRAND JURY FURTHER CHARGES:

<u>Count 3</u>
18 U.S.C. § 1951
(Interference with Commerce by Robbery)

5.  That at times material to this Indictment, Red Roof Inn located at 1341 North Church Street, Hazle Township, Pennsylvania 18202,

was engaged in the sale of goods and services in interstate commerce and in an industry which affects interstate commerce.

6. On or about October 28, 2023, in Hazle Township, within the Middle District of Pennsylvania, the defendant,

## MARK SHANE HERRICK,

did unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, through the commission of a robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant MARK SHANE HERRICK did unlawfully take and obtain United States currency from the Red Roof Inn, located at 1341 North Church Street, Hazle Township, Pennsylvania 18202, in the presence of an employee of Red Roof Inn and against her will, by means of actual and threatened force, violence, and fear of injury, immediate and future to the employee of Red Roof Inn by pointing a knife at, and demanding money from, her.

In violation of Title 18, United States Code, Section 1951.

THE GRAND JURY FURTHER CHARGES:

<u>Count 4</u>
18 U.S.C. § 1951
(Attempted Interference with Commerce by Robbery)

7.  That at times material to this Indictment, Weis Markets 901 East Main Street, Palmyra, Pennsylvania 17078, was engaged in the sale of goods in interstate commerce and in an industry which affects interstate commerce.

8.  On or about October 28, 2023, in Palmyra, within the Middle District of Pennsylvania, the defendant,

**MARK SHANE HERRICK,**

did unlawfully attempt to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, through the commission of a robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant MARK SHANE HERRICK did unlawfully attempt to take and obtain United States currency from Weis Markets, located 901 East Main Street, Palmyra, Pennsylvania 17078, in the presence of an employee of Weis Markets and against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future to the employee of Weis

Markets by demanding money and saying, "Man, I'll stab you," or words to that effect.

In violation of Title 18, United States Code, Section 1951.

THE GRAND JURY FURTHER CHARGES:

Count 5
18 U.S.C. § 1951
(Interference with Commerce by Robbery)

9. That at times material to this Indictment, Dollar Tree located at 4267 Union Deposit Road, Harrisburg, Pennsylvania, 17111, was engaged in the sale of goods in interstate commerce and in an industry which affects interstate commerce.

10. On or about October 29, 2023, in Harrisburg, within the Middle District of Pennsylvania, the defendant,

**MARK SHANE HERRICK,**

did unlawfully obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in commerce, through the commission of a robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendant MARK SHANE HERRICK did unlawfully take and obtain United States currency from

the Dollar Tree, located at 4267 Union Deposit Road, Harrisburg, Pennsylvania 17111, in the presence of an employee of the Dollar Tree and against her will, by means of actual and threatened force, violence, and fear of injury, immediate and future to the employee of the Dollar Tree by brandishing a knife to, and demanding money from, her.

In violation of Title 18, United States Code, Section 1951.

## FORFEITURE ALLEGATION

11.    The allegations contained in Counts 1 through 5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

12.    Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1951, the defendant,

**MARK SHANE HERRICK,**

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses.

13.    If any of the property involved in or traceable to the offenses alleged in Counts 1 through 5 of this Indictment, as a result of any act or omission of the defendant:

     a. cannot be located upon the exercise of due diligence;

     b. has been transferred or sold to, or deposited with, a third party;

     c. has been placed beyond the jurisdiction of the court;

     d. has been substantially diminished in value; or

     e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

FOREPERSON

3/20/24

Date

GERARD M. KARAM
United States Attorney

STEPHEN W. DUKES
Assistant United States Attorney

8